**E-Filed 12/4/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL L. BALSAM,<br><br>   Plaintiff,<br><br>   v.<br><br>ANGELES TECHNOLOGY INC., et al.,<br><br>   Defendants. | Case Number C 06-04114 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>[re: docket no. 10] |

**I. BACKGROUND**

This case arises from Plaintiff Daniel L. Balsam's ("Balsam") receipt of unsolicited commercial email messages ("UCEs" or "spam"). Balsam alleges that Defendants sent him UCEs that contained fraudulent headers, subject lines, date/time stamps, and content, and that were not clearly marked as "SEXUALLY EXPLICIT" as required by law. Plaintiff alleges that the UCEs referred him to www.adultactioncam.com and other related websites.

On May 23, 2006, Balsam filed the original complaint in this action in Santa Clara Superior Court. The original complaint asserted a claim for violations of California restrictions

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-04114 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

on unsolicited commercial e-mail advertisers, Cal. Bus. & Prof. Code § 17529.5, and a claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. The original complaint named defendants Angeles Technology Inc. ("Angeles"), Futurecast Media LLC ("Futurecast"), One World Media LLC ("One World"), Carolynne Tilga ("Tilga"), Grant Simmons, John Solamito, and Does 1-100.

On June 30, 2006, Tilga removed the action to this Court, asserting diversity jurisdiction. The notice of removal states that, as of the time of removal, only Tilga and Angeles had been served. Tilga asserts that she could not gain Angeles' assent to removal because of Balsam's delay in filing proof of service and because of her inability to contact Angeles. Tilga asserts that she knows of no reason why Angeles or any of the unserved defendants would not join in the removal notice.

On September 25, 2006, Balsam filed an amended complaint ("FAC"). The FAC asserts the same two claims that Balsam asserted in the original complaint. The FAC adds two corporate defendants and names twelve new individual defendants. These new individual defendants all reside in California (collectively "California Defendants").

On October 27, 2006, Tilga moved to dismiss the action for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted ("motion"). Alternatively, Tilga moved to transfer the case to a more convenient forum. Balsam opposes the motion. The Court heard oral argument on December 1, 2006.

## II. LEGAL STANDARD

A district court sitting in California may exercise personal jurisdiction over a non-resident defendant if the defendant has "minimum contacts" with California such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

If the nonresident defendant's contacts with California are "substantial" or "continuous and systematic," the defendant is subject to "general jurisdiction" in California even if the cause of action is not related to the defendant's activities within the state. *Data Disc*, 557 F.2d at 1287.

"The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Master, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal quotation marks and citations omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.*

If the defendant's activities within the state are not so pervasive as to subject it to general jurisdiction, it may be subject to "specific jurisdiction" if the cause of action is directly related to those activities. *Data Disc*, 557 F.2d at 1287. The Ninth Circuit has articulated a three-part test to determine when it is appropriate to exercise specific jurisdiction over a particular defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

*Id.*

When a nonresident defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of showing by a preponderance of the evidence that jurisdiction is proper. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). In the context of a motion to dismiss based upon pleadings and affidavits, the plaintiff may meet this burden by making a *prima facie* showing of personal jurisdiction. *Metropolitan Life Ins. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990); *Data Disc*, 557 F.2d at 1285. In determining whether the plaintiff has made a *prima facie* showing, documents submitted by the plaintiff are construed in the light most favorable to the plaintiff and all doubts are resolved in the plaintiff's favor. *Metropolitan Life*, 912 F.2d at 1064 n.1.

### III. DISCUSSION

1. Personal Jurisdiction

Tilga argues that the Court should dismiss the action against her for lack of personal jurisdiction because of her lack of involvement with the challenged actions and her lack of

3
Case No. C 06-04114 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

1  minimum contacts with California.  Tilga asserts that the Court has neither general nor specific
2  jurisdiction over her.  Motion 7.  Balsam argues that the Court has specific jurisdiction over
3  Tilga.  Opposition 4.
4       Tilga has filed a declaration in which she avers that she has "never done business in
5  California, or, to the best of [her] knowledge, with any California resident.  [She] was not
6  personally involved in the acts complained of in the complaint in the referenced action."
7  Declaration of Carolynne Tilga ("Tilga Declaration") ¶ 9.  Tilga declares that she has had no
8  involvement with Futurecast or One World since August 2005.  The UCEs at issue in this action
9  were sent between October 4, 2005, and June 1, 2006.  FAC ¶ 58.  Tilga's challenge to the
10  Court's jurisdiction shifts the burden to Balsam to show that jurisdiction is proper.  *See Decker*
11  *Coal*, 805 F.2d at 839.
12       Balsam has submitted no evidence in opposition to this motion.  The only evidence in the
13  record that might contradict Tilga's declaration is her own apparent concession that, at the time
14  Balsam filed the FAC, her alumni profile on the Cornell website indicated that she was General
15  Manager of Futurecast.  *See* Tilga Declaration ¶ 13 (referring to FAC ¶ 7).  Tilga attributes this
16  fact to her own forgetfulness and states that she has now corrected it.  Tilga Declaration ¶ 12.
17  Balsam points to no evidence supporting a contrary conclusion.  Balsam attempts to draw
18  negative inferences from what he perceives that Tilga does not say in her declaration, *see*
19  Opposition 12-13, but such inferences are insufficient to carry his burden of showing that
20  jurisdiction is proper.
21       Balsam does not show that the claims in this action arise out of or result from the
22  defendant's forum-related activities.  *See Data Disc*, 557 F.2d at 1287.  In fact, Balsam does not
23  show that the claim arises out of *any* activities by the defendant.  In addition, Balsam's failure,
24  six months into this litigation, to produce any evidence tending to show that the Court has
25  personal jurisdiction over Tilga indicates that any amendment would be futile.  Although Balsam
26  requested the opportunity to take jurisdictional discovery at the hearing, his counsel admitted at
27  oral argument that he has made no efforts to investigate the truth of Tilga's assertions.
28  Accordingly, the Court will grant this motion without leave to amend.

2.  Subject Matter Jurisdiction

Balsam has not moved to remand the case for lack of subject matter jurisdiction. However, "[d]efects in subject matter jurisdiction may be raised at any time, by the parties or by the court on its own motion, and may never be waived." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1264 (9th Cir. 1992). The California Defendants, if served, would destroy the complete diversity that existed at the time of removal. However, the apparent unlikelihood that the California Defendants will be served and Angeles' absence from the removal notice complicates the procedural posture of this case.[2] Only Tilga moves the Court for dismissal at this time. The Court concludes that it lacks personal jurisdiction over her. Accordingly, the Court does not reach the issue of subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) (holding that Court that dismisses on nonmerits grounds such as personal jurisdiction, before finding subject-matter jurisdiction, makes no assumption of law-declaring power that violates separation of powers principles).

3.  Forum Conveniens and Failure to State a Claim Upon Which Relief May be Granted

In light of the foregoing discussion, Tilga's alternative arguments regarding convenient forum and failure to state a claim upon which relief may be granted are moot.

**IV. ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED without leave to amend.

---

[2] Tilga has not asserted that the California Defendants are fraudulently joined, nominal defendants, or fictitious defendants. However, Tilga has asserted that only she and Angeles have been served. Tilga implies that Balsam will not be able to locate and serve the California Defendants. *See* Motion 5 ("There is no good faith answer to [the question why Balsam has not served other defendants]."). The limited identification of the defendants in the FAC supports such an implication. *See e.g.* FAC ¶ 37 (identifying defendant as "'Elle jane' with city/state of 'broke hills, CA.'").

Federal Rule of Civil Procedure 4(m) governs the service of parties. It grants plaintiffs one hundred and twenty days to serve the parties. The Ninth Circuit has held that service of a defendant added in an amended complaint must occur within one hundred and twenty days of the filing of the amended complaint. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990). The Court may dismiss unserved defendants without prejudice pursuant to Rule 4(m) after the one hundred and twenty day period expires.

Case No. C 06-04114 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

DATED: December 4, 2006.

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-04114 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)

1   This Order has been served upon the following persons:

2   Gary Jay Kaufman           gary@garyjkaufmanlaw.com, marijana@garyjkaufmanlaw.com

3   Timothy J. Walton          ecf.cand@netatty.com

4

5   Notice will be delivered by other means to:

6   Dana Milmeister
    The Kaufman Law Group
    1925 Century Park East
7   Suite 2350
    Los Angeles, CA 90067
8
    Marijana Stanojevic
9   The Kaufman Law Group
    1925 Century Park East
10  Suite 2350
    Los Angeles, CA 90067
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. C 06-04114 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFLC1)