**E-filed 6/6/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DANIEL L. BALSAM,<br><br>                Plaintiff,<br><br>        v.<br><br>ANGELES TECHNOLOGY INC., et al.,<br><br>                Defendants. | Case Number C 06-04114 JF (HRL)<br><br>ORDER[1] RE MOTION FOR ALTERNATIVE SERVICE<br><br>[re: docket no. 23] |

   This case arises from Plaintiff's receipt of unsolicited commercial email messages ("UCE's" or "spam"). Plaintiff alleges that Defendants sent him UCE's that contained fraudulent headers, subject lines, date/time stamps, and content, and that were not clearly marked as "SEXUALLY EXPLICIT" as required by law. Plaintiff alleges that the UCE's referred him to www.adultactioncam.com and other related websites.

   On May 23, 2006, Balsam filed the original complaint in this action in Santa Clara Superior Court. The original complaint asserted a claim for violations of California law

---

[1] This disposition is not designated for publication and may not be cited.

1  restricting unsolicited commercial e-mail advertisers, Cal. Bus. & Prof. Code § 17529.5, as well
2  as under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq.  The original
3  complaint named defendants Angeles Technology Inc. ("Angeles"), Futurecast Media LLC
4  ("Futurecast"), One World Media LLC ("One World"), Carolynne Tilga ("Tilga"), Grant
5  Simmons, John Solamito, and Does 1-100.

6        On June 30, 2006, Tilga removed the action to this Court, asserting diversity jurisdiction.
7  The notice of removal stated that, as of the time of removal, only Tilga and Angeles had been
8  served.  Tilga asserted that she could not gain Angeles' assent to removal because of Balsam's
9  delay in filing proof of service and because of her inability to contact Angeles.  Tilga asserted
10 that she knew of no reason why Angeles or any of the unserved defendants would not join in the
11 removal notice.

12       On September 25, 2006, Balsam filed an amended complaint ("FAC").  The FAC
13 asserted the same two claims that Balsam asserted in the original complaint.  The FAC added
14 two corporate defendants and named twelve new individual defendants who allegedly reside in
15 California (collectively "the California Defendants").

16       On October 27, 2006, Tilga moved to dismiss the action for lack of personal jurisdiction
17 and for failure to state a claim upon which relief may be granted.  Alternatively, Tilga moved to
18 transfer the case to a more convenient forum.  Balsam opposed the motion.  The Court heard oral
19 argument on December 1, 2006.  On December 12, 2006 this Court granted Tilga's motion to
20 dismiss for lack of personal jurisdiction.

21       On April 5, 2007, Balsam filed the instant motion to serve the California Defendants by
22 email.  Balsam asserts that he is unable to deliver service of process to the California Defendants
23 through traditional means because the contact information defendants provided to the domain
24 name registrars is incomplete and incorrect.  The motion is unopposed.  At oral argument on June
25 1, 2007 Balsam voluntarily dismissed defendants Jhon Brown, Rosie Beer, Sam Van, Daniel
26 Marcus, Jason Smith, Mary Jameson, Brian Long, Rod Heather, Elle Jane, Jose Beff, Carl
27
28

Seymore, and Robert Smith pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.[2]

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon individuals within a judicial district of the United States:

> Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Fed. R. Civ. P. 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Electrical Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987)). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Fed. R. Civ. P. 4(e)(1), the Court concludes that it should look to the law of California, the state in which this Court sits, to determine the sufficiency of the proposed service. While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

---

[2] The remaining defendants are Angeles, Futurecast, One World Media, Grant Simmons, and John Solamito.

3

Case No. C 06-04114 JF (HRL)
ORDER RE MOTION FOR ALTERNATIVE SERVICE
(JFEX2)

1  Cal. Civ. Proc. Code § 413.30.

2      Balsam argues that the Court should grant his motion for alternative service because the
3  defendants, who may or may not be real individuals, provided incomplete contact information to
4  domain name registrars.  Motion 2.  Also, in instances where Balsam found a valid address of a
5  defendant, the letters he sent were returned as undeliverable because the defendant did not reside
6  at that address.  Motion 3.  In light of his inability to serve the defendants by traditional methods,
7  Balsam asserts that service by email constitutes an appropriate substitute that would allow him to
8  contact the defendants via what he alleges to be their "preferred method of communication."
9  Motion 5.

10      The goal of Fed. R. Civ. P. 4 is to provide a plaintiff with flexibility in providing notice
11  to a defendant.  *Electrical Speciality Co.*, 967 F.2d at 314.  California law requires that the
12  method be "reasonably calculated to give actual notice to the party to be served."  Cal. Civ. Proc.
13  Code § 413.30.  Service via email appears to be reasonable in this action.  However, the Balsam
14  has not identified the email addresses he would use to contact the various defendants.
15  Accordingly, to ensure that the emails are "reasonably calculated to give notice to the party
16  served," Cal Civ. Proc. Code § 413.30, Balsam shall, on or before June 20, 2007, provide the
17  Court with the email addresses he proposes to use for service with a brief explanation as to why
18  he believes that email address will reasonably give the party notice.

19      IT IS SO ORDERED.

20

21  DATED: June 6, 2007.

22

23
                                                      _____
24                                                    JEREMY FOGEL
                                                   United States District Judge
25

26

27

28

Case No. C 06-04114 JF (HRL)
ORDER RE MOTION FOR ALTERNATIVE SERVICE
(JFEX2)

1 | This Order has been served upon the following persons:

2 | Gary Jay Kaufman          gary@garyjkaufmanlaw.com, marijana@garyjkaufmanlaw.com

3 | Timothy J. Walton         ecf.cand@netatty.com

4

5 | Notice will be delivered by other means to:

6 | Dana Milmeister
    The Kaufman Law Group
    1925 Century Park East
7 | Suite 2350
    Los Angeles, CA 90067

8

9 | Marijana Stanojevic
    The Kaufman Law Group
    1925 Century Park East
10 | Suite 2350
    Los Angeles, CA 90067

5

Case No. C 06-04114 JF (HRL)
ORDER RE MOTION FOR ALTERNATIVE SERVICE
(JFEX2)