**E-filed 7/17/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DANIEL L. BALSAM, | Case Number C 06-04114 JF (HRL) |
| Plaintiff, | ORDER[1] GRANTING IN PART MOTION FOR ALTERNATIVE SERVICE |
| v. | |
| ANGELES TECHNOLOGY INC., et al., | [re: docket no. 23, 32] |
| Defendants. | |

**I. BACKGROUND**

This case arises from Plaintiff's receipt of unsolicited commercial email messages ("UCEs").[2] Plaintiff alleges that Defendants sent him UCEs that contained fraudulent headers, subject lines, date/time stamps and content, and that were not clearly marked as "SEXUALLY EXPLICIT" as required by law. Plaintiff alleges that the UCE's referred him to "www.adultactioncam.com" and other related websites.

---

[1] This disposition is not designated for publication and may not be cited.

[2] Also known as "spam."

1    On May 23, 2006, Balsam filed the original complaint in this action in the Santa Clara Superior Court.  The complaint asserted a claim for violations of restrictions on unsolicited commercial e-mail advertisers under Cal. Bus. & Prof. Code § 17529.5, and a claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*.  It named as defendants Angeles Technology Inc. ("Angeles"), Futurecast Media LLC ("Futurecast"), One World Media LLC ("One World"), Carolynne Tilga ("Tilga"), Grant Simmons, John Solamito, and Does 1-100.

Balsam attempted to serve Defendants, but each complaint was returned, except for the complaint served on Tilga.  Angeles was located but refused to sign for the delivery.  Collins Declaration ¶ 2.  The complaint sent to Futurecast and One World were returned as undeliverable.  *Id.* at ¶¶ 3-4.  The complaint sent to Solamito was returned as unclaimed.[3]  *Id.* at ¶ 5.

On June 30, 2006, Tilga removed the action to this Court, asserting diversity jurisdiction.  The notice of removal stated that only Tilga and Angeles had been served at the time of removal.[4]  Tilga asserted that she could not gain Angeles' assent to removal because of Balsam's delay in filing proof of service and because of her inability to contact Angeles.  Tilga asserted that she knew of no reason why Angeles or any of the unserved defendants would not join in the removal notice.  On December 04, 2006 the Court granted Tilga's motion to dismiss of lack of personal jurisdiction.

The operative first amended complaint ("FAC") was filed on September 25, 2006.  The FAC asserts the same two claims that Balsam asserted in the original complaint.  The FAC adds two corporate defendants and names twelve new individual defendants who allegedly reside in California (collectively "the California Defendants").  Balsam asserts that Angeles is a corporation registered under the laws of Nevada, but that it goes to considerable length to disguise its principal place of business.  FAC ¶ 3.  Balsam alleges that Futurecast and One World

---

[3] The Collins Declaration does not mention whether Simmons was served.

[4] On the present record, the Court cannot resolve the apparent contradictions between this statement and Plaintiff's declaration that Angeles refused service.

are limited liability corporations organized and recognized in the State of New Mexico with a principal place of business in Santa Fe, New Mexico. *Id.* at ¶¶ 4-5. Balsam also alleges that Tilga, Simmons, and Solamito are the corporate officers responsible for the actions of Angeles, Futurecast, and One World Media. The "www.AdultActionCam.com" website names Futurecast as the copyright holder, and the domain name "www.AdultActionCam.com" is registered to Angeles. *Id.* at ¶14. Balsam claims that some or all of Defendants Angeles, Futurecast, and One World are undercapitalized and therefore sues the corporate officers as individuals as well. *Id.* at ¶15. Balsam alleges that a unity of interest exists between Angeles, Futurecast, One World, Tilga, Simmons, and Solamito such that any separateness ceases to exist. *Id.* at ¶16. Balsam also asserts that even though the "www.AdultActionCam.com" website claims to be operated by Lucina S.L. and Bel Vedere St. James Ltd., the true owners are Angeles, Futurecast, One World, Tilga, Simmons, and Solamito. *Id.* at ¶ 87.

On April 5, 2007, Balsam moved to serve the Defendants by email. Balsam asserts that he is unable to serve Defendants by traditional means because the contact information Defendants provided to the domain name registrars is incomplete and incorrect. The motion is unopposed. At the hearing on June 1, 2007, Balsam voluntarily dismissed defendants Jhon Brown, Rosie Beer, Sam Van, Daniel Marcus, Jason Smith, Mary Jameson, Brian Long, Rod Heather, Elle Jane, Jose Beff, Carl Seymore, and Robert Smith pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The remaining Defendants are Angeles, Futurecast, One World Media, Grant Simmons, and John Solamito.

In its order filed on June 6, 2007 ("June 6th Order"), the Court concluded that while California law provided a broad enough framework to encompass service by email, Balsam had provided insufficient detail in support of his motion. June 6th Order 3.[5] To ensure that the emails Balsam seeks to use for service are reasonably calculated to reach the Defendants, the Court ordered Balsam to provide Defendants's presumed email addresses to the Court,

---

[5] Balsam incorrectly states in his declaration that the Court granted his motion for alternative service in the June 6th Order.

3

accompanied by an explanation of how emails to these addresses would be reasonably likely to give Defendants notice. *Id.* at 4.

In a filing dated June 20, 2007, Balsam stated that he intends to send emails to the following email addresses: "sales@adultactioncash.com," "Adultactioncam.com@contactprivacy.com," "adultactioncash.com@contactprivacy.com," "webmaster@AdultActionCam.com," "abuse@adultactioncam.com," and "postmaster@adultactioncam.com." Balsam Declaration ¶¶ 3-7. To discover these addresses, Balsam went to the website "www.adultactioncam.com" because that was the site advertised in the emails that he received. *Id.* at ¶ 3. While Balsam did not find a contact address at "www.adultactioncam.com," he did discover the email address "sales@adultactioncash.com" at "www.adultactioncam.com's" allegedly affiliated website "www.adultactioncash.com." *Id.* Balsam asserts that he found the email addresses "adultactioncam.com@contactprivacy.com" and "adultactioncash.com@contactprivacy.com" at the domain registrar website "Tuscows.com" when searching for information pertaining to "adultactioncam.com." *Id.* at ¶ 5. Balsam discovered the email address "webmaster@AdultActionCam.com" when he began a sign-up process in order to find a contact address. *Id.* at ¶ 6. Finally, Balsam desires to use the email addresses "abuse@adultactioncam.com" and "postmaster@adultactioncam.com" because internet domain name owners who follow the internet community's standard protocols are supposed to monitor emails sent to the email addresses beginning with "abuse@" and "postmaster@" and ending with their domain name. *Id.* at ¶ 7.

## II.  LEGAL STANDARD

Federal Rules of Civil Procedure 4(e) governs service of process upon individuals within a judicial district of the United States:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing

Case No. C 06-04114 JF (HRL)
ORDER GRANTING IN PART MOTION FOR ALTERNATIVE SERVICE
(JFEX2)

therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Fed. R. Civ. P. 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Electrical Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 1061, at 216 (2d ed. 1987)). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Fed. R. Civ. P. 4(e)(1), the Court concludes that it should look to the law of California, the state in which this Court sits, to determine the sufficiency of the proposed service. While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30.

### III. DISCUSSION

Balsam argues that the Court should grant his motion for alternative service because he has been unable to contact Defendants through traditional means. Motion 2. Balsam asserts that he has attempted to serve Defendants through traditional methods, but each package that he served to the Defendants' listed address came back as either "undeliverable" or "unclaimed," or the party refused to sign for it. Collins Declaration ¶¶ 2-7. In light of his inability to serve Defendants by traditional methods, Balsam asserts that service by email constitutes an appropriate substitute that would allow him to contact Defendants via what he alleges to be their "preferred method of communication." Motion 5.

The goal of Fed. R. Civ. P. 4 is to provide a plaintiff with flexibility in providing notice

to a defendant. *Electrical Speciality Co.*, 967 F.2d at 314. California law requires that the method be "reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30. The Court determined in the June 6th Order that service via email can be acceptable. It now concludes that service via the email addresses "adultactioncam.com@contactprivacy.com" and "webmaster@AdultActionCam.com" is reasonably calculated to give notice of the action to Angeles, Futurecast, One World, Simmons, and Solamito. Balsam asserts in his FAC that Futurecast is the copyright holder of "www.AdultActionCam.com," and the website is registered to Angeles. Angeles, Futurecast and One World are alleged not to be distinct corporations. Simmons and Solamito are the corporate officers of Futurecast and Angeles. Service via an "adultactioncam.com" email reasonably can be expected to reach all members at this group of alleged alter-egos. Defendants should also expect to be contacted at the address they provided to the domain name registrar and to the email address provided to individuals who sign up for the website's services.[6] Accordingly, the Court concludes that Balsam may use the email addresses "adultactioncam.com@contactprivacy.com" and "webmaster@AdultActionCam.com."

However, the Court concludes that service via email addresses ending with "@adultactioncash.com" are not reasonably calculated to reach Defendants because "www.adultactioncash.com" is only an affiliate to the "www.adultactioncam.com" website. Balsam provides no evidence that the two websites are organized or owned by the same individuals. Nor does Balsam show that the internet community, and in pertinent part the internet pornography community, actively checks emails with the "abuse@" and "postmaster@" email addresses. Accordingly, the Court concludes that Balsam may not use any email address with "@adultactioncash.com" as the domain name nor the email addresses "abuse@" and "postmaster@."

Finally, because counsel for Balsam previously declared that he has been contacted by

---

[6] The Court is assuming that the email address "webmaster@AdultActionCam.com" is for the website "www.adultactioncam.com."

counsel for Defendants Futurecast Media and One World - who claim to be waiting to be served - the Court reiterates that Balsam only may serve Defendants by email if he cannot serve by traditional means.  Walton Declaration ¶ 2.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiff's motion for alternative service by email is GRANTED in part.  Plaintiff may use the email addresses "Adultactioncam.com@contactprivacy.com" and "webmaster@AdultActionCam.com" to serve notice to Defendants Angeles, Futurecast, One World, Simmons, and Solamito.

DATED: July 17, 2007

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

| | |
|---|---|
| Gary Jay Kaufman | gary@garyjkaufmanlaw.com, marijana@garyjkaufmanlaw.com |
| Timothy J. Walton | ecf.cand@netatty.com |