1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 03/28/2008**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DANIEL L. BALSAM., <br><br> Plaintiff, <br><br> v. <br><br> ANGELES TECHNOLOGY, INC., et al., <br><br> Defendants. | Case Number CV 06-04114 JF <br><br> ORDER[1] GRANTING MOTION FOR DEFAULT JUDGMENT <br><br> [Doc. No. 45, 47] |

On May 23, 2006, Plaintiff Daniel L. Balsam ("Balsam") filed the original complaint in this action in the Santa Clara Superior Court. The original complaint asserted a claim for violations of California law restricting unsolicited commercial e-mail, Cal. Bus. & Prof. Code § 17529.5, and a claim under the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* The original complaint named defendants Angeles Technology Inc. ("Angeles"), Futurecast Media LLC ("Futurecast"), One World Media LLC ("One World"), Carolynne Tilga ("Tilga"), Grant Simmons ("Simmons"), John Solamito ("Solamito"), and Does 1-100.

On June 30, 2006, Tilga removed the action to this Court, asserting diversity jurisdiction. On September 25, 2006, Balsam filed a first amended complaint ("FAC"). The FAC asserted the

---

[1] This disposition is not designated for publication and may not be cited.

1    same two claims alleged in the original complaint but also added twelve new individual

2    defendants. ("Individual Defendants").  On December 12, 2006, the Court granted Tilga's

3    motion to dismiss.  At oral argument on April 5, 2007, Balsam voluntarily dismissed the

4    Individual Defendants.  The remaining defendants are Angeles, Futurecast, One World,

5    Simmons, and Solamito  (collectively, "Defendants").  Balsam attempted to serve Solamito by

6    United States Mail, but service was unsuccessful.  He attempted to serve Angeles by United

7    States Mail as well, but the company refused to sign for the certified mail.  Service on Futurecast

8    and One World was unsuccessful because the package containing the complaint came back as

9    undeliverable.  Attempts at personal service on representatives of Futurecast and One World also

10   were unsuccessful.  Balsam could not locate a physical address for Simmons.  As a result,

11   Balsam filed a motion to serve Defendants by e-mail.  On July 17, 2007, the Court granted the

12   motion for alternative service, finding that service sent by e-mail to

13   adultactioncam.com@contactprivacy.com and webmaster@AdultActionCam.com was

14   reasonably calculated to give notice of the action to Defendants.  *See Mullane v. Central*

15   *Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950) (Due Process requires that any service of

16   notice be "reasonably calculated, under all circumstances, to apprise interested parties of the

17   pendency of the action and afford them an opportunity to present their objections.")

18       Proof of service was filed on August 22, 2007.  The clerk entered Defendants' default on

19   November 9, 2007.  On December 3, 2007, Balsam filed the instant application for default

20   judgment, seeking statutory damages in the amount of $1,125,000.  Defendants have not filed

21   opposition or otherwise appeared in the action.

22       Rule 55(b)(2) of the Federal Rules of Civil Procedure requires a Plaintiff seeking a

23   default judgment to show the following: (1) when and against which party default was entered;

24   (2) the identification of the pleading to which default was entered; (3) whether the defaulting

25   party is an infant or incompetent person, and if so, whether that person is adequately represented;

26   (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of

27   the application has been served on the defaulting party, if required.

28       Balsam's complaint alleges that Defendants are responsible for the unlawful transmittal

2

1  of 1,125 e-mail messages.  He seeks statutory damages in the amount of $1,000 per e-mail.

2  Balsam's application for default judgment complies with the requirements of Fed. R. Civ. P.

3  55(b)(2), as evidenced in his own declaration.  Good cause having been shown, and without

4  opposition, the application for default judgment in the amount of $1,125,000 is hereby

5  GRANTED.

6

7  IT IS SO ORDERED.

8

9  DATED: March 28, 2008

10

11  JEREMY FOGEL
   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1  This Order has been served upon the following persons:

2  <u>Counsel for Plaintiff</u>

3  Timothy James Walton
   Attorney at Law
4  ecf.cand@netatty.com

5
   <u>Counsel for Defendants</u>
6
   Angeles Technology, Inc.
7  Futurecast Media LLC
   One World Media LLC
8  Grant Simmons
   John Solamito
9  adultactioncam.com@contactprivacy.com
   webmaster@adultactioncam.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. CV-06-04114 JF
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
(JFEX2)