1

2                                          **E-Filed 10/7/08**

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11   DANIEL L.  BALSAM,                    Case Number C 06-4114 JF (HRL)

12                        Plaintiff,       ORDER[1] GRANTING APPLICATION
                                           FOR ORDER RESTRAINING
13              v.                         TRANSFER OF DOMAIN NAMES

14   ANGELES TECHNOLOGY, INC., et al.,

15                        Defendants.

16

17

18

19        Plaintiff Daniel L. Balsam seeks an order restraining the transfer of certain internet

20   domain names pending a hearing on his motion to transfer the domain names permanently.

21   Plaintiff's first amended complaint ("FAC") alleges violations of Cal. Bus. & Prof. Code §

22   17529.5 and the California Consumer Legal Remedies Act.  The Court subsequently entered

23   default judgment against Defendants Angeles Technology, Inc., Futurecast Media LLC, One

24
     World Media LLC, Grant Simmons, and John Solamito (collectively, "Defendants"), and
25
     awarded Plaintiff $1,125,000 in statutory damages.  After the default judgment was entered,
26

27
     _____
28
              [1] This disposition is not designated for publication in the official reports.

Plaintiff requested writs of execution to enforce the judgment.  Writs were served upon each of the Defendants as well as upon two financial services companies alleged to collect subscription fees for Defendants' websites.  Plaintiff also filed a motion transfer certain domain names allegedly owned by Defendants.  Both the motion for transfer of the domain names and execution of the writs served upon the financial services companies are opposed by a third party, Belvedere St. James, Ltd. ("Belvedere").

A hearing on these matters is scheduled for November 14, 2008.  Plaintiff is concerned that Belvedere or one of the Defendants may attempt to transfer two domain names, <adultactioncam.com> and <adultactioncams.com>, out of this Court's jurisdiction before that date.  Counsel for Belvedere does not oppose the instant request.

In the Ninth Circuit, a party seeking a restraining order must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.

In the instant case, Plaintiff has prevailed on the merits of the underlying action, and the only remaining issues concern how the final judgment will be satisfied.  Plaintiff has presented sufficient evidence that Defendants or another third party may attempt to transfer the domain names out of this Court's jurisdiction in an attempt to evade the judgment.  There is no evidence that the web-based businesses associated with these two domain names will suffer any economic harm if transfer is restrained between now and the November 14 hearing.

2

The Court has jurisdiction to enforce Plaintiff's request.  Under the Anticybersquatting Consumer Protection Act, Congress has provided for *in rem* jurisdiction over domain names "in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located."  15 U.S.C. § 1125(d)(2)(A).  Plaintiff has presented evidence that VeriSign, Inc. ("VeriSign") is the registry for "dot com" domain names.  VeriSign is headquartered in Mountain View, California.  A domain name registry manages ownership of domain names through the domain names' respective registrars.  The current registrar for the domain names at issue here is Tucows, which is headquartered in Toronto, Canada.  Because VeriSign is based in Mountain View, the res is located within the Northern District, and the Court may enjoin VeriSign from changing the registrar for the domain names.  *See America Online, Inc. v. Aol.Org*, 259 F. Supp. 2d 449, 454-56 (E.D. Va. 2003).

## ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

(1)   Plaintiff's application for an order restraining transfer pending hearing is GRANTED.  Defendants and any third parties, including VeriSign, Tucows, or Belvedere, are HEREBY ENJOINED AND RESTRAINED from changing the registry, registrar, or owner of record for <adultactioncam.com> or <adultactioncams.com> until after the resolution of Plaintiff's motion for transfer of domain names.

(2)   Plaintiff shall serve this order on Defendants, Belvedere, VeriSign, and Tucows.  This order shall be binding upon the parties to this action, their officers, agents, employees, banking institutions or attorneys and all other persons or entities who receive actual notice of this order by personal service or otherwise.

(3)   Because there is no evidence that the order will result in any economic harm to the owners of the domain names, Plaintiff shall not be required to post a bond.

1   DATED: October 7, 2008

2

3   _____
    JEREMY FOGEL
4   United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1   This Order has been served upon the following persons:

2   Andrew D. Castricone     acastricone@gordonrees.com

3   Dana Milmeister     dana@garyjkaufmanlaw.com

4   Gary Jay Kaufman     gary@garyjkaufmanlaw.com, marijana@garyjkaufmanlaw.com

5   Marijana Stanojevic     marijana@garyjkaufmanlaw.com

6   Timothy James Walton     ecf.cand@netatty.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-4114 JF (HRL)
ORDER GRANTING APPLICATION FOR ORDER RESTRAINING TRANSFER ETC.
(JFLC1)