\*\*E-Filed 7/27/2009\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL L. BALSAM,<br><br>          Plaintiff,<br><br>     v.<br><br>ANGELES TECHNOLOGY, INC., et al.,<br><br>          Defendants. | Case Number C 06-4114 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO VACATE JUDGMENT<br><br>[re: doc. no 77] |

On March 28, 2008, the Court entered default judgment against Defendants Angeles Technology, Inc., Futurecast Media LLC, One World Media LLC, Grant Simmons, and John Solamito (collectively, "Judgment Defendants"), and awarded Plaintiff Daniel L. Balsam $1,125,000 in statutory damages. Defendant Solamito moves to vacate the judgment for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 60(b)(4). In the alternative, Solamito requests that the Court set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(6) to prevent manifest injustice.

From October 4, 2005 until June 1, 2006, Plaintiff was the recipient of multiple "spam" e-mails promoting various adult websites, including www.adultactioncam.com and

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 06-4114 JF (HRL)
ORDER GRANTING MOTION TO VACATE JUDGMENT
(JFLC1)

1  www.adultactioncams.com (collectively, the "Websites").  In his first amended complaint
2  ("FAC"), Plaintiff alleged that Judgment Defendants participated in the operation of the
3  Websites in violation of California law restricting unsolicited commercial e-mail.  Upon
4  information and belief, the FAC alleged that Solamito and several other individuals were the
5  corporate officers of the named corporate entities.  FAC ¶ 6.  The FAC further alleged that
6  Solamito was the contact (and apparently the corporate officer) for Defendant One World Media
7  because he was listed as the contact in a January 2003 press release for an alleged affiliate of One
8  World Media, DateCam.com.  *Id*. ¶ 10.  No additional allegations were directed at Solamito
9  specifically.

10  The only named defendant to respond to the FAC was Carolynne Tilga, a former
11  employee of Judgment Defendants Futurecast Media and One World Media.[2]  The allegations
12  against Ms. Tilga eventually were dismissed for lack of personal jurisdiction.  After Plaintiff
13  voluntarily dismissed all of the remaining parties except for the five Judgment Defendants, the
14  Court authorized service of the FAC by e-mail.  Judgment Defendants did not file a responsive
15  pleading.  The Court then entered default judgment in favor of Plaintiff.

16  On May 19, 2009, the Court issued an order directing the U.S. Marshall to levy a writ of
17  attachment on a bank account owned by Solamito.[3]  Shortly thereafter, Solamito discovered that
18  a judgment had been entered against him.  In support of the instant motion to vacate, Solamito
19  contends that he has no significant connection to any of the other Judgment Debtors, and that he
20  had no knowledge of or control over the spam e-mails giving rise to the instant action.  Solamito
21  admits that he performed a limited amount of "contractor" work for Defendant One World Media
22  in 2004, and that he was paid $ 1,230.00 for his services, a representation corroborated by a
23  declaration submitted by Solamito's accountant.  *See* Lourie Dec. Ex. A at 4.  However, Solamito
24  asserts that he never received notice of the instant action through the e-mails sent to the e-mail

---

26  [2] Plaintiff initially filed a complaint in California state court in May 2006.  Ms. Tilga
27  removed the state court action to this Court in June 2006.

28  [3] On July 8, 2009, the Court granted Solamito's *ex parte* application for an order staying
    execution of the writ pending the resolution of the instant motion.

addresses allegedly affiliated with the Adultactioncam.com website.

Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons…
>
> (4) the judgment is void;
> …
> (6) any other reason that justifies relief.

Ultimately, a "defendant moving to have a default judgment set aside under Rule 60(b) has the burden of proving that he is entitled to relief." *See S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165-66 (9th Cir. 2007). "Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so." *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975). In addition, where a default judgment is void for lack of jurisdiction, the district court has no discretion and must vacate the judgment. *See Walker & Zanger (West Coast) Ltd. v. Stone Design S.A.*, 4 F. Supp. 2d 931, 934 (C.D. Cal. 1997) ("where the court lacked personal jurisdiction over the defendant or the requirements for effective services were not satisfied, the default judgment is void and must be vacated.").

At the hearing on July 24, 2009, Balsam conceded that notice may not have been proper and stated his willingness to litigate the instant action on the merits. Accordingly, IT IS HEREBY ORDERED that Defendant Solamito's motion to vacate the judgment is GRANTED. The Court's order of March 28, 2008 is hereby VACATED with respect to Solamito. Solamito shall file a responsive pleading to the FAC within thirty (30) days of the date of this order.

DATED: 7/27/2009

_____
JEREMY FOGEL
United States District Court

1  This Order has been served upon the following persons:

2  Andrew D. Castricone    acastricone@gordonrees.com

3  Brian Ted Hafter    bhafter@linerlaw.com, mpadilla@linerlaw.com

4  Dana Milmeister    dana@garyjkaufmanlaw.com

5  Gary Jay Kaufman    gary@garyjkaufmanlaw.com, marijana@garyjkaufmanlaw.com

6  Marijana Stanojevic    marijana@garyjkaufmanlaw.com

7  Timothy James Walton    ecf.cand@netatty.com